UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAUL DONNELLY,

    Plaintiff,                                    Case No. 18-CV-10746

v.                                            HON. GEORGE CARAM STEEH

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

ORDER ACCEPTING MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION (Doc. 14), OVERRULING PLAINTIFF'S
OBJECTION (Doc. 15), GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT (Doc. 12), and DENYING
<u>PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (Doc. 11)</u>

On January 29, 2019, Magistrate Judge David R. Grand issued a report and recommendation in this action for social security disability insurance benefits. Magistrate Judge Grand recommends that the court deny Plaintiff's motion for summary judgment, grant the Commissioner's motion for summary judgment, and affirm the Commissioner's decision. Plaintiff timely filed an objection to the report and recommendation. For the reasons set forth below, Plaintiff's objection shall be overruled and the court will accept the Magistrate Judge's recommendations.

- 1 -

## I. Standard of Law

With respect to reports and recommendations from magistrate judges, this court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). The court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id.*

When reviewing a case under the Social Security Act, the district court may affirm, modify, or reverse the Commissioner's decision, with or without remand. *See* 42 U.S.C. § 405(g). Findings of fact by the Commissioner are conclusive if supported by substantial evidence. *Id.* The court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (citation omitted). "The substantial-evidence standard is met if a 'reasonable mind might accept the relevant evidence as adequate to support a conclusion.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (citation omitted). "When deciding under 42 U.S.C. § 405(g) whether substantial evidence supports the ALJ's decision, we do not try the case de novo,

resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007).

## II. Analysis

Plaintiff previously worked as a Coca Cola delivery driver. He injured his knee while working in 2012 and underwent three knee replacement surgeries. His last major surgery was in August, 2015. Plaintiff alleges a disability because of his knee condition.

The Administrative Law Judge ("ALJ") denied Plaintiff's claim for disability benefits, finding that he retained the residual functional capacity ("RFC") to perform light work and the vocational expert testified that given his RFC, Plaintiff could work as a cashier, administrative support clerk, or sorter. (Tr. 61). The Magistrate Judge recommends that the court affirm the ALJ's decision.

Plaintiff makes one objection to the report and recommendation. Plaintiff argues that the ALJ erred by substituting her judgment for that of the medical doctors. Plaintiff is correct that the ALJ discounted or gave partial weight to all of the doctor's opinions because some were prior to the onset date, were temporary, or based upon limited knowledge of the record. For example, the ALJ discounted the opinions of Dr. Srivastava, Dr. Shaw, and Dr. Peck because their opinions preceded Plaintiff's onset

date, were temporary in nature as they were in the immediate post-injury and post-operative periods, and did not consider more recent evidence of Plaintiff's healing and regained strength and function of the knee. (Tr. 33). Similarly, the ALJ gave limited weight to the opinions of Drs. Perdue, Wahlquist, Urgqhart, and Blaha because they discussed temporary restrictions following Plaintiff's December 11, 2014 surgery and August 17, 2015 surgical intervention, and "later medical evidence and level of [Plaintiff's] activities does not suggest he remained as limited as these medical providers indicated." *Id.* Also, the ALJ considered and gave partial weight to the opinion of the State agency medical consultant, Alyce Metoyer, D.O., but found that Plaintiff was slightly more limited in his ability to stand or walk than she indicated. *Id.*

The Magistrate Judge properly found that the ALJ'S RFC determination was supported by substantial evidence. The Magistrate Judge correctly observed that the ALJ is not required to base her RFC findings entirely on a physician's opinion. *See Mokbel-Aljahmi v. Comm'r of Soc. Sec.*, 732 F. App'x 395, 401 (6th Cir. 2018) ("We have previously rejected the argument that a residual functional capacity determination cannot be supported by substantial evidence unless a physician offers an opinion consistent with that of the ALJ."); *Webb v. Comm'r of Soc. Sec.*,

368 F.3d 629, 633 (6th Cir. 2004) ("[T]he ALJ is charged with the responsibility of evaluating the medical evidence and the claimant's testimony to form an 'assessment of [his] residual functional capacity.'"); Here, the ALJ carefully considered the underlying medical record, including x-rays which showed a "well-placed and fixed" right total knee arthroplasty, no signs of hardware failure, and that "the joint remained stable clinically and on x-ray" (Tr. 32), radiographs showing no change in alignment or evidence of hardware complications, *id.,* Plaintiff's reported symptoms to his doctors (Tr. 30-33), and Plaintiff's reported symptoms during the administrative hearing (Tr. 34), and determined that Plaintiff's RFC was light work with additional limitations. (Tr. 29).

Her conclusions were supported by substantial evidence based on the evidence mentioned above, as well as on the reported observations of Ms. Bennett, a physician's assistant with the University of Michigan Health System, in November, 2015 that Plaintiff had "great motion and walks well," (Tr. 32, 690), and the reported observation of Dr. Henning, a physician with the University of Michigan Health System, in May, 2016 that Plaintiffs' legs had normal (5/5) strength, equal range of motion, and no pain with full extension and flexion. (Tr. 33, 1010). At the time of the hearing, Plaintiff was not taking any pain medication stronger than Ibuprofin, ambulated

without a cane or assistive device, and testified that his daily activities included living alone, doing household chores, driving a car, shopping, some exercising, washing his car, and driving his mother around. (Tr. 34).

Plaintiff argues the ALJ described Plaintiff's RFC without any reference to the medical evidence. But the record speaks to the contrary. For example, Plaintiff maintains there was no basis to the ALJ's conclusion that he could only stand for four hours. But Dr. Metoyer opined that Plaintiff could stand for six hours (Tr. 97), and the ALJ found more recent evidence in the record supported a modest modification of that opinion. (Tr. 33). Also, the Plaintiff argues there was no basis for the ALJ's description in the RFC that Plaintiff can crawl, crouch, or kneel occasionally, but this determination is supported by Dr. Metoyer's opinion formed after a physical examination. (Tr. 97).

Moreover, for the reasons well stated in Magistrate Judge Grand's report and recommendation, *Choate v. Comm'r of Soc. Sec.*, No. 17-10096, 2018 WL 1354471, at *11 (E.D. Mich. Feb. 24, 2018), *report and recommendation adopted*, No. 17-10096, 2018 WL 1326293 (E.D. Mich. Mar. 15, 2018), and *Wyatt v. Comm'r of Soc. Sec.*, No. 12-11406, 2013 WL 4483074, at *16-17 (E.D. Mich. Aug. 19, 2013), do not support Plaintiff's

argument that the ALJ's description of the RFC is not based on sufficient medical evidence.

The ALJ considered the medical evidence and Plaintiff's testimony in formulating Plaintiff's RFC, which the Magistrate Judge found was supported by substantial evidence. Plaintiff has not demonstrated that the Magistrate Judge erred.

### III. Conclusion

Accordingly, IT IS ORDERED that Magistrate Judge Grand's report and recommendation (Doc. 14) is ACCEPTED, Plaintiff's objection (Doc. 15) is OVERRULED, and the final decision of the Commissioner is AFFIRMED.

IT IS FURTHER ORDERED that Plaintiff's motion for summary judgment (Doc. 11) is DENIED and Defendant's motion for summary judgment (Doc. 12) is GRANTED.

Dated: March 13, 2019

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
March 13, 2019, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk

---